402 So.2d 491 (1981)
Elmer J. HUDSON, Individually, and Jack Hudson and Elmer J. Hudson, Dba Hudson Contractors, Appellants,
v.
C.B. DYKES, Buddy Godwin, and Escambia County, a Political Subdivision of the State of Florida, Appellees.
No. WW-162.
District Court of Appeal of Florida, First District.
August 11, 1981.
*492 John R. Grass, Pensacola, for appellants.
J. Dixon Bridgers, III of Carlton, Fields, Ward, Emmanual, Smith & Cutler, P.A., Pensacola, for appellees.
PER CURIAM.
This is an appeal from a Summary Final Judgment, entered in an action for false imprisonment. We affirm.
Appellants performed certain plumbing work on a private residence without obtaining a surety bond, certificate of qualification, or plumbing permit. The reason appellants did not obtain the necessary permits, etc., was allegedly due to the assurances of appellee/Godwin, an Escambia County Building Inspector, that no permits would be required for the job. After completion of the work, final inspection was made by Godwin and another inspector, the work was approved, and the residence was certified for occupancy.
Several months later, appellant/Elmer Hudson was contacted by appellee/Dykes, Chief Plumbing and Gas Inspector for Escambia County, who asked Hudson why he had failed to obtain the necessary surety bond, certificate and permit and advised him to obtain the necessary documents at that time. Hudson refused to do so on the grounds that the work had been finally inspected and approved, and that Godwin had informed him that no permit was required for the work.
After several more weeks had elapsed and Hudson had not obtained the required documents, Dykes contacted the State's Attorney's Office, informed them that Hudson had performed certain plumbing work without acquiring the necessary permits, etc., and delivered a sworn affidavit to that effect. On the basis of this affidavit Hudson was subsequently arrested by law enforcement officers and charged with plumbing without a permit, surety bond, or certificate of qualification.
Hudson received a jury trial on these misdemeanor charges. The trial court directed a verdict in Hudson's favor on the charge of plumbing without a permit, and the jury acquitted him of the remaining charges. Hudson then brought the instant action against appellees, alleging that, as a result of appellees' fraudulent misrepresentations, he was falsely arrested and imprisoned. Appellees filed a Motion for Summary Judgment with supporting affidavits. The lower court granted the motion.
Appellees did not actually detain either of appellants, nor did they "instigate" or "directly procure" Elmer Hudson's arrest. Pokorny v. First Federal Savings and Loan Association, 382 So.2d 678 (Fla. 1980). Dykes merely supplied information to the prosecuting authorities indicating that a violation of the plumbing code had occurred. This is not sufficient to support a cause of action for false imprisonment.
The court in Pokorny stated:

*493 We hold that under Florida law a private citizen may not be held liable in tort where he neither actually detained another nor instigated the other's arrest by law enforcement officers. If the private citizen makes an honest, good faith mistake in reporting an incident, the mere fact that his communication to an officer may have caused the victim's arrest does not make him liable when he did not in fact request any detention.
Id. at 682. Compare, Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699 (Fla. 1944); Washington County Kennel Club, Inc. v. Edge, 216 So.2d 512 (Fla. 1st DCA 1968); and Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 (Fla. 3rd DCA 1977).
While here Dykes was acting in his official capacity as Chief Plumbing Inspector rather than as a "private citizen," the trial court concluded as a matter of law that Dykes had reasonable grounds to believe Hudson was guilty of the charges, and that Dykes was simply carrying out the legal duties of his office in enforcing the plumbing code. The undisputed facts support this conclusion and appellees have failed to demonstrate error on the part of the trial court.
Further, in Pokorny the court pointed out at page 683 that Florida courts have never recognized a separate tort for negligently swearing out an arrest warrant, and that such cases may be brought only in the form of actions for malicious prosecution. We note that the trial court's finding that Dykes had probable cause to believe a crime had been committed when he reported his beliefs to the State Attorney's Office, would be a complete defense to an action for malicious prosecution.
Finally, appellants have failed to demonstrate the existence of any issue of fact which would be material to this action for false imprisonment.
Accordingly, the Summary Final Judgment is AFFIRMED.
McCORD, SHIVERS and JOANOS, JJ., concur.