517 So.2d 104 (1987)
Joe Allen CHAPMAN and Bonne Chapman, Appellants,
v.
The STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, et al., Appellees.
No. 86-1867.
District Court of Appeal of Florida, Third District.
December 29, 1987.
*105 Cooper, Wolfe & Bolotin and Sharon Wolfe, Freidin & Hirsh, Miami, for appellants.
Broad and Cassel and Douglas A. Willis and Jeffrey F. Gordon, West Palm Beach; Sparber, Shevin, Shapo & Heilbronner and Marsha C. Rosen, Robert A. Ginsburg, Co. Atty., and Roy Wood, Asst. Co. Atty., Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The plaintiff Chapman, invoking both the Federal Civil Rights Act, 42 U.S.C. § 1983, and state law, sued the Department of Health and Rehabilitative Services of the State of Florida and Janet Reno, the state attorney whose office acted as HRS's lawyer in proceedings to secure past due child support from him. Chapman sought money damages on the ground that both defendants had acted wrongfully in proceeding against him in a contempt action which resulted in his imprisonment by order of a trial judge which was subsequently reversed. Chapman v. Lamm, 388 So.2d 1048 (Fla. 3d DCA 1980), rev'd on other grounds, 413 So.2d 749 (Fla. 1982). Specifically, it was claimed that HRS and Janet Reno had "negligently" failed to determine that the apparently valid final judgment against Chapman was void because he had not been personally served in the underlying action and that he was not financially able to pay the judgment and thus should not have been held in contempt. The trial judge entered summary judgment for the state attorney and, after a jury verdict for HRS, granted its reserved motion for directed verdict in its favor. We conclude that both rulings were correct.
Turning first to HRS, it is now well settled that its sovereign immunity as a subdivision of the state has not been waived in an action under 42 U.S.C. § 1983. Spooner v. Dept of Corrections, 514 So.2d 1077 (Fla. 1987); Hill v. Dep't of Corrections, 513 So.2d 129 (Fla. 1987). Hence, for that reason alone, it bears no liability in *106 such a case.[1] Moreover, no action lies against any defendant under 42 U.S.C. § 1983 on a claim of simple negligence. Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 622 (1986); Mazzilli v. Doud, 485 So.2d 477 (Fla. 3d DCA 1986), review dismissed, 492 So.2d 1333 (Fla. 1986). Under Florida law, there is similarly no cause of action for merely "negligently" conducting a civil proceeding against another, as was alleged here. Pokorny v. First Fed. Savs. & Loan Ass'n, 382 So.2d 678 (Fla. 1980); Hudson v. Dykes, 402 So.2d 491 (Fla. 1st DCA 1981). Pokorny holds that the only cause of action available in such a situation is one of malicious prosecution. As the plaintiff impliedly concedes by not arguing the issue, that tort, in turn, is not applicable here because at least two of the indispensable elements  malice and absence of probable cause, see Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985)  are not present. Tatum Bros. Real Estate & Inv. Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926).
The defendant Reno similarly possesses quasi-judicial immunity from suit under the Civil Rights Act. Harmon v. Superior Court, 329 F.2d 154 (9th Cir.1964), is virtually identical and squarely so holds. As to the Florida law, it is now clear that an attorney owes no enforceable duty to anyone but his or her client, and certainly not to preclude damage to his client's opponent. Angel, Cohen & Rogovin v. Oberon Inv., N.V., 512 So.2d 192 (Fla. 1987).
Finally, looking at the case from a greater perspective, it must be remembered that Chapman is suing the defendants because they handled the case against him too effectively and succeeded in securing a perhaps erroneous but presumptively valid order against him from the trial judge. The action of the lower court may itself be viewed narrowly as an intervening cause between the defendants' alleged misconduct and the plaintiffs' injury, see Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (1961), or more broadly as demonstrating the total conceptual bankruptcy of the plaintiffs' position. We cannot hold that a litigant and its lawyer may be liable to their adversary for winning the case.[2]
Affirmed.
NOTES
[1] Chapman contends that this rule is subject to an exception which arises when, as is apparently true in this case in which Dade County has seemingly contractually agreed to indemnify HRS, the state agency will not be held to the actual payment of any judgment. We do not agree that this exception is applicable. We have examined the cases cited by Chapman and find that they all involve a waiver of 11th amendment non-amenability to suit in the Federal court. E.g., Tuveson v. Florida Governor's Counsel on Indian Affairs, 734 F.2d 730 (11th Cir.1984). They do not apply to the present immunity situation, in which the doctrine would preclude the entry of an initial judgment against HRS under the Civil Rights Act in the first place, so that no right or availability for indemnification of that judgment could ever arise. Brogan v. Ferguson, 101 Fla. 1311, 133 So. 317 (1931).
[2] It was not alleged nor proven that HRS or Reno's office improperly misled the court nor was guilty of any other impropriety in the conduct of the litigation.