PER CURIAM.
This is an appeal by counsel for the plaintiff in a breach of contract action from an adverse trial court order which assesses attorney’s fees under Section 57.105, Florida Statutes (1989), and requires said counsel to pay a portion of said fees. We reverse the order under review upon a holding that counsel acted in good faith based on representations from his client, the plaintiff, which tended to establish that the plaintiff was a third-party beneficiary of a contract of appraisal entered into by the defendant and plaintiff’s debtor. The plaintiff told counsel that the defendant was well aware that the subject appraisal was being done for the plaintiff’s benefit so as to facilitate a loan by the plaintiff to the plaintiff’s debtor. This evidence, together with other evidence indicating that the defendant breached this contract by underap-praising the collateral in question, gave counsel a viable theory of liability upon which to proceed against the defendant.
Although the trial court ultimately rejected this theory and entered a summary judgment for the defendant, the theory was nonetheless nonfrivolous in nature, and counsel acted in good faith based on representations from his client to support this theory. This being so, attorney’s fees were improperly assessed against plaintiff’s counsel. Muckerman v. Burris, 553 So.2d 1300 (Fla. 3d DCA 1989), rev. denied, 567 So.2d 435 (Fla.1990); Richardson v. Helms, 502 So.2d 1372 (Fla. 2d DCA 1987); Snow v. Rosse, 455 So.2d 615 (Fla. 4th DCA 1984).
Reversed.