PER CURIAM.
In his fourth amended complaint, appellant attempted to state a claim for false imprisonment against a retail establishment and three of its employees. Although unart-fully pled, the salient portions of the pleading alleged that the employees falsely accused appellant of stealing merchandise and, acting in concert with the police, caused him to be arrested and incarcerated without any evidence of a criminal violation. A motion to dismiss must be considered in the light most favorable to appellant. E.g. Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1030 (Fla. 4th DCA 1994). The language of the complaint sufficiently states that the employees “instigated” or “directly procured” appellant’s arrest as is required to state a cause of action for false imprisonment in this factual setting. See Pokorny v. First Federal Sav. & Loan Ass’n, 382 So.2d 678 (Fla.1980); Hudson v. Dykes, 402 So.2d 491 (Fla. 1st DCA 1981). The trial court’s order granting appellee’s motion to dismiss should be reversed.
STEVENSON and GROSS, JJ., concur.
GLICKSTEIN, J., dissents with opinion.