786 So.2d 1222 (2001)
Elminer HARRIS, Appellant,
v.
Kathleen A. KEARNEY, in her official capacity as Secretary of the Department of Children and Families (formerly H.R.S.), Appellee.
No. 4D00-2784.
District Court of Appeal of Florida, Fourth District.
June 6, 2001.
*1224 Suzanne M. McLean of Webber, Hinden & McLean, P.A., Pembroke Pines, for appellant.
Bernard Lebedeker of Olds & Stephens, P.A., West Palm Beach, for appellee.
DAMOORGIAN, DORIAN K., Associate Judge.
This is an appeal from a final judgment on the pleadings entered in favor of appellee, Kathleen Kearney ("Kearney") in her official capacity as Secretary of the Department of Children and Families f/k/a H.R.S. ("DCF"). We affirm the trial court's final judgment.
The amended complaint that gave rise to the judgment on appeal recited the following underlying factual allegations.
In 1988, appellant applied for public assistance by completing a food stamp application. In her application, Harris reported that she was temporarily employed. Later that year, appellant undertook new temporary employment at North Broward Community Hospital. Appellant reported her new employment to a DCF official at her monthly employment status meeting. At that meeting, the DCF representative advised appellant that she did not need to list her new employment on her food stamp application because she remained temporarily employed and her employment income had not increased.
A few months later, a new DCF official accused appellant of fraud when he learned that appellant had not listed her employment with the hospital on her previous applications. In May of 1990, DCF agents signed an affidavit of complaint asserting that appellant engaged in food stamp and public assistance fraud because she received overpayments due to her failure to report her hospital employment. DCF agents presented the affidavit to the State Attorney's Office which subsequently filed an information. Based upon the information, a warrant for appellant's arrest was issued. The warrant was never served.
In August of 1998, DCF sent a letter to appellant regarding the overpayments she received in 1989. After appellant denied the allegation, a DCF official informed her of the outstanding warrant. Appellant turned herself in at Palm Beach County Jail, where she was detained and arrested. The state attorney nolle prossed the charges a few weeks later.
Subsequent to her arrest, appellant filed a three count complaint, which she later amended, against DCF and two DCF employees. The amended complaint's first count for false arrest/imprisonment asserts that DCF agents swore out an arrest warrant and pointed out appellant as the perpetrator, requesting that appellant be arrested. As a result, appellant complains that the DCF agents directly procured her arrest and imprisonment, depriving her of her liberty for at least eight hours and causing her damage. Count II alleges DCF negligently supervised its agents, permitting those agents to initiate prosecutions, and causing appellant damage. The complaint states that DCF had a duty to exercise due care in the operational functions of its investigations, and to exercise care to ensure that its investigators did not commit patently illegal or negligent acts. Count III alleged a malicious prosecution count against the DCF employees in *1225 their individual capacities.[1]
Kearney filed a motion for judgment on the pleadings or in the alternative for dismissal with prejudice as to Counts I and II which the trial court granted. "Judgment on the pleadings may be granted only if, upon admitted facts, the moving party is clearly entitled to judgment as a matter of law." First Fin. USA, Inc. v. Steinger, 760 So.2d 996, 997 (Fla. 4th DCA 2000). See also Domres v. Perrigan, 760 So.2d 1028, 1029 (Fla. 5th DCA 2000)(use same legal test for a motion to dismiss for failure to state a cause of action); Laguerre v. City of Coral Springs, 673 So.2d 60, 61 (Fla. 4th DCA 1996)("A motion to dismiss must be considered in the light most favorable to [the plaintiff]."). Further,
[i]n ruling on a motion for judgment on the pleadings[,] material allegations of the moving party which have been denied are taken as false. Conclusions of law also are not deemed admitted for purposes of the motion. The court must accept as true all well-pleaded allegations of the non-moving party.
Steinger, 760 So.2d 996, 997 (quoting Windle v. W.W. Windle Co., 731 So.2d 36, 37 (Fla. 4th DCA 1999)).
As to Count I, appellant contends that she stated a cause of action for false arrest and false imprisonment because Kearney's agents "directly procured [her] arrest and imprisonment." Kearney responds that merely providing information to the authorities that a violation of the public assistance laws occurred is not sufficient to support an action for false arrest.
To be liable for false imprisonment, a person must personally and actively participate, directly or indirectly by procurement, in the unlawful restraint of another person against their will. Pokorny v. First Fed. Sav. & Loan Ass'n of Largo, 382 So.2d 678, 681 (Fla.1980)(citing Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699, 701 (1944)). See also Laguerre, 673 So.2d at 61 (reversed dismissal where complaint alleged that private citizen "instigated" or "directly procured" an arrest by acting in concert with the police). However,
under Florida law a private citizen may not be held liable in tort where he neither actually detained another nor instigated the other's arrest by law enforcement officers. If the private citizen makes an honest, good faith mistake in reporting an incident, the mere fact that his communication to an officer may have caused the victim's arrest does not make him liable when he did not in fact request any detention.
Pokorny, 382 So.2d at 682.
Merely providing information to the authorities that a violation of law occurred is not sufficient to support an action for false arrest. See Hudson v. Dykes, 402 So.2d 491, 492 (Fla. 1st DCA 1981) (Where municipal building inspector delivered an affidavit about the lack of permits to the State Attorney's Office that led to plaintiff's arrest, the inspector merely supplied information and did not "instigate" or "directly procure" the plaintiff's arrest .). In this case, the DCF agents did nothing more than submit an affidavit of complaint to the State Attorney's Office indicating that appellant engaged in public assistance fraud. Such action, taken as true, does not rise to the level of instigating or directly procuring appellant's arrest under the *1226 standard enunciated by the first district in Hudson.
Next, appellant asserts that Count II of her complaint states a cause of action for negligent investigation of her alleged public assistance fraud. Kearney responds that the negligence claim fails because she owed no duty to appellant to maintain accurate records, and even if there was such a duty and it was breached, the cause of action is barred by the doctrine of sovereign immunity. As we find that no duty of care exists between Kearney and appellant in the instant case, we need not address whether appellant's negligence claim is barred by the doctrine of governmental immunity. See Kaisner v. Kolb, 543 So.2d 732, 734 (Fla.1989).
It is a well established principal of law that "for there to be governmental tort liability, there must be either an underlying common law or statutory duty of care with respect to the alleged negligent conduct." Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912, 917 (Fla.1985). The supreme court described four categories of governmental activities to aid in determining whether a duty of care arises out of a particular government activity:
(I) legislative, permitting, licensing, and executive officer functions; (II) enforcement of laws and the protection of the public safety; (III) capital improvements and property control operations; and (IV) providing professional, educational, and general services for the health and welfare of the citizens.
Id. at 919. The court found no duty of care and, therefore, no corresponding tort liability for governmental action (or inaction) "in carrying out the discretionary governmental functions described in categories I and II because there has never been a common law duty of care with respect to" those functions. Id. at 921.
The instant case falls into category II because the specific laws at issue here ensure compliance with public assistance laws and seek to prevent fraud in procuring such assistance. See generally § 409.325(1), Fla. Stat. (1989) (making it a crime to commit fraud in procuring public assistance). "How a governmental entity, through its officials and employees, exercises its discretionary power to enforce compliance with the laws duly enacted by a governmental body is a matter of governance, for which there never has been a common law duty of care." Trianon, 468 So.2d at 919. Therefore, Kearney's actions in how she supervises her agents in enforcing the public assistance fraud laws does not carry with them a corresponding duty of care to the individual citizen who may be affected by such actions. See Layton v. Florida Dep't of Highway Safety & Motor Vehicles, 676 So.2d 1038, 1040-1 (Fla. 1st DCA 1996) (no common law or statutory duty to maintain accurate records of compliance with the laws regulating driving motor vehicles).
A case that is factually similar to the instant case where no duty was found is Office of the State Attorney for the Seventh Judicial Circuit v. Kowalski, 617 So.2d 1099 (Fla. 5th DCA 1993). In Kowalski, a staff investigator negligently investigated a case, resulting in criminal charges. The fifth district held, in part, that the State Attorney's Office owed no duty of care to the individual defendant arising out of its duty to enforce the laws. See id. at 1100 (citing Trianon). See also Everton v. Willard, 468 So.2d 936, 938 (Fla.1985)(no duty of law enforcement officer to enforce the law as to an individual absent a special relationship); Carpenter v. City of St. Petersburg, 547 So.2d 339, 340 (Fla. 2d DCA 1989)(same). We reject the argument that Kearney owes a duty of care to appellant *1227 where, as in the instant case, appellee was carrying out the "enforcement of laws" function of government. See Kowalski, 617 So.2d at 1100.
Accordingly, we affirm the final judgment on the pleadings.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] The lower court's disposition of the claim against the individuals is not the subject of this appeal.