SHEPHERD, C.J.,
specially concurring.
The only remarkable thing about this case is its existence. As the managing attorney of the Miami office of The Florida Bar explained to Mr. Wolfe (himself a licensed Florida attorney), when he refused to accept staff counsel’s initial rejection of his Bar complaint against the Kenny Nachwalter lawyers who brought the federal action, “the Florida rules governing attorney conduct ... preclude an attorney from bringing a frivolous action. Once the attorneys learned of the true history of the litigation, they withdrew.” Rather than approbation for doing the right thing, the law firm and two of its attorneys sadly have been rewarded with a summons and complaint.
There is no material dispute about the facts of this case. The Kenny Nachwalter firm withdrew as local counsel upon learning its client and lead counsel misrepresented or intentionally omitted to advise the firm’s lawyers of dispositive information relating to the viability of a complaint the law firm filed in the United States District Court at their behest.[1] The correctness of *72 the law firm’s decision was confirmed a few months later when the United States District Court dismissed the case on the ground the omitted fact operated to bar the prosecution of the action; precisely the consequence Kenny Nachwalter predicted.
The plaintiff alleges the Kenny Na-chwalter law firm had a duty to independently verify what it was told by its client and lead counsel. That is not so. Enda-cott v. Int’l Hospitality, Inc., 910 So.2d 915, 922 (Fla. 3d DCA 2005) (stating lawyers are entitled to rely on their client’s representations of fact); United States v. Del Carpio-Cotrina, 733 F.Supp. 95, 99 (S.D.Fla.1990) (stating ethical rules do not require lawyers to investigate client); see also Baron v. Fieldstone, 581 So.2d 649, 650 (1991) (concluding attorney fees were improperly assessed against the plaintiffs counsel where counsel acted in good faith based on his client’s representations).
On appeal, Plaintiff-Appellant seeks to direct our attention to the issue of whether the litigation privilege bars all actions for malicious prosecution. The tort of malicious prosecution is not applicable to the facts of this case because at least two essential elements of the cause of action are missing-malice and absence of probable cause. If there were a cause of action in this case, it might be for “negligently” conducting a civil proceeding. However, as this court has made clear, no such cause of action exists in this state. Chapman v. State, Dep’t of Health & Rehabilitative Sens., 517 So.2d 104, 106 (Fla. 3d DCA 1987) (citing Pokomy v. First Fed. Savs. & Loan Ass’n, 382 So.2d 678, 683 (Fla.1980)); Hudson v. Dykes, 402 So.2d 491, 493 (Fla. 1st DCA 1981). Nor, in any case, were the Kenny Nachwalter lawyers negligent or abusive in any action they took in the case. They acted honorably.[2]
For the reasons expressed, I join in the affirmance of the judgment of the trial court in this case and the decision of this court to award appellate attorneys’ fees to counsel for Kenny Nachwalter and the individual defendants.

. Lead counsel is a member of the New York bar. He is not admitted to the Florida Bar or *72 the United States District Court for the Southern District of Florida, and therefore could not file the complaint on his own. See U.S.D.C. Local Rule 4 (Appearances).

. In contrast, counsel who remained in the case, replacement local counsel, and the plaintiffs in the United States District Court, participated in a substantial payment of attorney fees and costs to Mr. Wolfe and his co-defendants in settlement of a Federal Rule of Civil Procedure 11 in the United States Court of Appeals for the Eleventh Circuit after that court affirmed the dismissal of the federal suit. See Ferrell v. Durbin, 311 Fed.Appx. 253 (11th Cir.2009). Wolfe did not include the Kenny Nachwalter law firm and its attorneys in the Rule 11 motion and could not do so because they withdrew. It would seem peculiar, at best, to afford Mr. Wolfe a pathway in the courts of this state to accomplish what he rather clearly could not accomplish in the forum where the offending conduct is alleged to have occurred.