DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES DELMAS ROBERSON,**
Appellant,

v.

**ENTERPRISE LEASING COMPANY OF FLORIDA, LLC,**
Appellee.

No. 4D22-557

[June 14, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE19-017272.

Robert L. Sirianni, Jr., of Brownstone, P.A., Winter Park, for appellant.

Christopher N. Bellows and Lee P. Teichner of Holland & Knight LLP, Miami, for appellee.

FORST, J.

Charles Delmas Roberson ("Renter") appeals from a final summary judgment in favor of appellee Enterprise Leasing Company of Florida, LLC ("Enterprise"). The trial court ruled that there was no genuine dispute as to any material fact regarding Renter's claims against Enterprise for 1) making a false police report; 2) false arrest or imprisonment; and 3) malicious prosecution. We agree and affirm summary judgment on all counts.

## Background

In February 2018, Renter rented a vehicle from Enterprise for a specified two-week period pursuant to a written agreement, which provided the agreement's terms "cannot be altered by another document or oral agreement unless agreed to in writing and signed by Renter and Owner." On the day Renter was to return the vehicle, he called Enterprise to extend the rental period. Enterprise informed Renter he would need to pay for an extension. That same day and in the coming days, Enterprise attempted to charge Renter's credit card, but the charge was declined as Renter was over his credit limit. Enterprise told Renter it would not grant

an extension without an up-front credit card authorization or other authorized form of payment for the extended rental period. Renter reported no other source of funds, but nonetheless encouraged Enterprise to "force the payment through."

Despite not paying for an extension, Renter drove the vehicle for an additional nine days ("post-agreement term"). Enterprise employees called Renter several times during the post-agreement term demanding that he return the vehicle. Moreover, Enterprise sent a letter to Renter's address that echoed this repeated demand. The letter stated that Renter's failure to return the vehicle would be evidence of his willful refusal to redeliver and Enterprise would report the matter "to the authorities for enforcement under Florida law."

Renter claimed that different Enterprise employees granted extensions of various lengths. Renter specifically alleged that towards the end of the post-agreement term, he called Enterprise and promised a customer service representative he would return the vehicle in one week. Enterprise responded that it did not grant an extension of any length, in writing (as required by the rental agreement) or otherwise, and that this representative was not authorized to extend overdue rentals.

An Enterprise supervisor, who had been in communication with Renter during the post-agreement term, testified that, because Enterprise was concerned that Renter would not return the vehicle and ultimately pay for the additional period, Enterprise followed its procedure for reporting stolen vehicles. The supervisor completed an affidavit identifying Renter as the individual who last rented the vehicle and the date when the vehicle was due back to Enterprise. The supervisor then submitted the affidavit to local law enforcement. The affidavit did not request Renter's arrest.

The following day, while Renter was driving the vehicle, police stopped and arrested him pursuant to section 817.52(3), Florida Statutes (2017) ("Failure to Redeliver Hired Vehicle"). While a criminal court judge found probable cause for the charge, the state attorney declined to prosecute Renter.

Renter thereafter sued Enterprise for: 1) making a false police report; 2) false arrest or imprisonment; and 3) malicious prosecution. Enterprise moved for summary judgment. During the hearing on Enterprise's motion, Renter admitted the following: he breached the rental agreement; Enterprise "just wanted the vehicle back"; and after Enterprise recovered the vehicle, Enterprise did not pursue the matter with police.

As the trial court delivered its ruling granting Enterprise's summary judgment motion, the court acknowledged Enterprise's exhaustive efforts

to recover the vehicle from Renter voluntarily before resorting to police involvement. The trial court described Enterprise's actions as a "textbook layout of what a rental car company is supposed to do under the circumstances here." This appeal followed.

## Analysis

We review the trial court's order granting summary judgment *de novo. Wells Fargo Bank, N.A. v. Palm Beach Mall, LLC*, 177 So. 3d 37, 45 (Fla. 4th DCA 2015). The trial court shall grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Constr. Consulting, Inc. v. Dist. Bd. of Trs. of Broward Coll.*, 347 So. 3d 14, 21–22 (Fla. 4th DCA 2022) (quoting Fla. R. Civ. P. 1.510(a)).

### *Qualified Privilege*

"[The Florida Supreme] Court and others have long recognized that a judicially created qualified privilege exists in regard to injuries resulting from malicious prosecution, false imprisonment, defamation, and slander." *Valladares v. Bank of Am. Corp.*, 197 So. 3d 1, 9 (Fla. 2016). "This qualified privilege for mistaken, but good faith reports of suspected criminal activity is rooted in a public policy concern." *Id.* at 10.

> [U]nder Florida law a private citizen may not be held liable in tort where [the citizen] neither actually detained another nor instigated the other's arrest by law enforcement officers. If the private citizen makes an honest, good faith mistake in reporting an incident, the mere fact that [the citizen's] communication to an officer may have caused the victim's arrest does not make [the citizen] liable when [the citizen] did not in fact request any detention.

*Pokorny v. First Fed. Sav. & Loan Ass'n of Largo*, 382 So. 2d 678, 682 (Fla. 1980).

"Merely providing information to the authorities that a violation of law occurred is not sufficient to support an action for false arrest." *Harris v. Kearney*, 786 So. 2d 1222, 1225–26 (Fla. 4th DCA 2001) (submission of affidavit to state attorney's office asserting that defendant engaged in public assistance fraud did not instigate or directly procure defendant's arrest); *see also Harder v. Edwards*, 174 So. 3d 524, 531–32 (Fla. 4th DCA 2015) (store investigator who submitted affidavit and potential evidence of crime to investigating detective was entitled to final judgment; "merely

3

providing information to law enforcement cannot give rise to liability for false imprisonment").

Here, Renter was aware that his rental term had ended, Enterprise did not receive payment for any additional time, and Renter continued to drive the vehicle over Enterprise's repeated demand that he return it. Despite this awareness of Enterprise's exhaustive efforts to recover the vehicle from him, Renter expressed his intent to deprive Enterprise of possession for an additional week. These events transpired *before* the Enterprise supervisor completed the affidavit identifying Renter that ultimately resulted in Renter's arrest. We note Renter's concession that Enterprise "just wanted the vehicle back" supports Enterprise's contention regarding its motive in reporting Renter to law enforcement.

This summation of undisputed facts leads us to agree with the trial court's assessment of Enterprise's actions as a "textbook" example of how a rental car company should act under the circumstances. Renter was given ample opportunity to either pay for an extension of the rental or return the vehicle and avoid arrest. Accordingly, Enterprise's actions, specifically that of its supervisor in submitting the affidavit, did not instigate Renter's arrest. *See Pokorny*, 382 So. 2d at 682 ("[A] private citizen, making an honest, good faith effort in reporting an incident, cannot be held liable in a case based upon false imprisonment or malicious prosecution unless it further appears that the defendant was personally involved in detaining the victim.").

Because we determine that Enterprise had grounds to report Renter for his refusal to return the vehicle, we decline to engage in any further discussion of false or negligent reporting. *Cf. Valladares*, 197 So. 3d at 11 (holding that "a cause of action for negligent reporting arises when there is *incorrect reporting* plus conduct on the part of the reporting party that rises to the level of punitive conduct" (emphasis added)).

### *Probable Cause*

We comment on probable cause because its presence here also defeats Renter's false arrest or imprisonment and malicious prosecution claims. *See, e.g.*, *Alvarez-Mena v. Miami-Dade County*, 305 So. 3d 63, 67–68 (Fla. 3d DCA 2019).

Because Renter dedicates considerable space in the initial brief to his argument that the police had no probable cause to arrest him, citing section 812.155, Florida Statutes (2017), we direct him to our holding in *State v. Sampaio*, 291 So. 3d 120, 125 (Fla. 4th DCA 2020). In both *Sampaio* and the instant case, the arrested party argued the

4

reporting/prosecuting party acted contrary to section 812.155. However, here, as in *Sampaio*, Renter was arrested *only* pursuant to section 817.52(3), Florida Statutes (2017), a separate and distinct statute from section 812.155. *Id.* at 124. Thus, as in *Sampaio*, we reject Renter's argument about alleged defects in Enterprise's communications, including its written demand, because section 817.52(3) does not include nor impose a notice requirement. *Id.* Pertinent to both *Sampaio* and the instant case, section 817.52(3)'s probable cause focus is whether, at the termination of the rental period, the renter, without the consent of the party "letting such motor vehicle," "willfully refuse[s] to redeliver such vehicle as agreed." § 817.52(3), Fla. Stat. (2017). As detailed above, that was what happened here.

### *Malice*

We also find Renter's argument that Enterprise acted with malice to be unsupported by the record. *Cf. Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1357 (Fla. 1994). In *Mancusi*, our supreme court noted: "In an action for malicious prosecution it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others." *Id.* The court then determined that Alamo's request for a directed verdict on the issue of malice was appropriately denied because "the issue of probable cause is in dispute and Mancusi produced evidence from which a jury could infer that Alamo's employees intentionally provided false information to authorities." *Id.*

Even if we were to assume that the police lacked probable cause to arrest Renter, Renter did not respond with any evidence that Enterprise's employees "intentionally provided false information to authorities." Enterprise resorted to contacting police only after it became apparent that Renter would not be returning the vehicle voluntarily. Also, as acknowledged by Renter, Enterprise "just wanted the vehicle back" and elected to not prosecute Renter after recovering it.

### **Conclusion**

Because there is no genuine dispute as to any material fact on Renter's claims, we affirm the final summary judgment in its entirety.

*Affirmed.*

GROSS and MAY, JJ., concur.

5

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*