WOLF, Judge.
Appellant raises three issues in this appeal of his criminal conviction for burglary of a dwelling. Because we find the trial court’s denial of a hearing on appellant’s motion to suppress to be error, we reverse the conviction and do not reach appellant’s other points.
Appellant’s motion to suppress, filed five days prior to trial, was timely under rule 3.190(h)(4), Florida Rules of Criminal Procedure; therefore, we find it was an abuse of discretion for the trial court to refuse to grant appellant an evidentiary hearing on that motion. See Ferrazzoli v. State, 442 So.2d 1056 (Fla. 1st DCA 1983); T.C. v. State, 336 So.2d 17 (Fla. 3d DCA 1976).[1]
We reverse and remand to the trial court with instructions for the trial court to conduct an evidentiary hearing on the motion to suppress prior to trial.
BOOTH and JOANOS, JJ., concur.

. The denial of an evidentiary hearing in this case is especially crucial because the ultimate determination of whether to grant the motion appears to rest on factual determinations.