654 So.2d 978 (1995)
Barry S. ROTH, Appellant/Cross-Appellee,
v.
NAUTICAL ENGINEERING CORP., Marina 84, Inc., and Harry Schoell, Appellees/Cross-Appellants.
No. 94-1548.
District Court of Appeal of Florida, Fourth District.
April 26, 1995.
Rehearing and Rehearing Denied June 8, 1995.
*979 Lee H. Schillinger of Law Office of Lee H. Schillinger, Hollywood, for appellant/cross-appellee.
Captain Edward R. Fink, Fort Lauderdale, for appellees/cross-appellants.
Rehearing and Rehearing En Banc Denied June 8, 1995.
PARIENTE, Judge.
Appellant, Barry Roth (plaintiff), appeals a final summary judgment in favor of defendant, Harry Schoell (Schoell), on all counts of his complaint. Schoell is a boat designer and president of defendant corporations, Nautical Engineering Corp. and Marina 84, Inc. Defendant corporations cross-appeal the trial court's order denying summary judgment in their favor. We dismiss the cross-appeal because an order denying summary judgment is a nonfinal, non-appealable order pursuant to rule 9.130(a)(3) of the Florida Rules of Appellate Procedure. We reverse the final summary judgment on count I for fraud in the inducement because the fact that Schoell was a corporate officer and representative of defendant corporations does not shield him from individual liability for his own independent torts. We affirm the final summary judgment on counts II and III because defendant corporations, not Schoell, were parties to the contracts sued upon.
This dispute involves a racing boat which was designed by Schoell and sold to plaintiff individually or as a representative of a fictitious entity known as Varn Racing Team. According to the complaint and the limited record before us, plaintiff attempted to run the boat in a race but was unable to compete because the boat would not steer properly and had internal hull damage. Thereafter, Schoell and/or defendant corporations made repairs, but when plaintiff again attempted to race the boat, the hull cracked and the boat began to sink.
The gist of the complaint against Schoell for fraud in the inducement is that Schoell, as designer of the boat, fraudulently represented to plaintiff that: the design for the racing boat existed at the time of the contract; the design had been "completely tested"; and the boat, as designed, "would be safe to operate." Plaintiff alleges that based on Schoell's fraudulent representations he was induced to enter into a contract to pay for the construction of the racing boat.
We reject Schoell's argument that he is shielded from individual liability because he acted as an agent and corporate representative of defendant corporations. A *980 corporate officer may be individually liable for torts committed even while acting as the representative of the corporate entity. See A-1 Racing Specialties, Inc. v. K & S Imports of Broward County, Inc., 576 So.2d 421, 422 (Fla. 4th DCA 1991); P.V. Constr. Corp. v. Kovner, 538 So.2d 502, 504 (Fla. 4th DCA 1989); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363, 1364 (Fla. 4th DCA 1981). Therefore, the trial court improperly granted summary judgment on this basis.
Schoell also raises the issue of plaintiff's standing to bring this action against any of defendants, claiming that defendants' dealings were with Varn Racing Team, with whom the contract was entered, and that plaintiff simply executed the contract as official representative of Varn Racing Team. From the limited record before us, it appears that Varn Racing Team is not a corporate entity. While plaintiff was the boat's owner, he apparently utilized Varn Racing Team as a fictitious name; however, he has never complied with the fictitious name statute, section 865.09 of the Florida Statutes.
The purpose of the fictitious name statute is to provide notice to one dealing with a business of the real party in interest. Jackson v. Jones, 423 So.2d 972, 973 (Fla. 4th DCA 1982), review denied, 436 So.2d 99 (Fla. 1983). Until the party instituting the action complies with the statute, the action will be abated. Id.; see Cor-Gal Builders, Inc. v. Southard, 136 So.2d 244, 246 (Fla. 3d DCA 1962). However, compliance with the statute may be waived. Id.; see also Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321, 1322 (Fla. 4th DCA), cert. denied 362 So.2d 1051 (Fla. 1978). Here, in seeking to rely on plaintiff's noncompliance, it was incumbent on defendants to call the noncompliance with the statute to the trial court's attention no later than the filing of their answer. Southard, 136 So.2d at 246. Defendants first raised the issue by motion for summary judgment, after their answer was filed. Even at that point defendants never directly invoked the fictitious name statute. Therefore, the right to raise the prohibition of the statute was waived.
REVERSED IN PART; AFFIRMED IN PART; CROSS-APPEAL DISMISSED.
DELL, C.J., and KLEIN, J., concur.