FARMER, Judge.
Although we affirm the dismissal of plaintiffs breach of contract claims with prejudice, we reverse the dismissal of his fraud in the inducement claims against both defendants.
His second amended complaint sufficiently alleged that both defendants fraudulently induced him to enter into an employment contract with their insurance agency for the purpose of bringing his “book of business” into the agency and that they never intended to let him retain ownership of the “book” or pay him its value if his employment should be terminated. See Lou Bachrodt Chevrolet Inc. v. Savage, 570 So.2d 306 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 165 (Fla.1991) (elements of fraud in inducement: representation of material fact that is knowingly false and intentionally made to induce the repre-sentee to do an act from which he suffers damage); Alexander/Davis Properties Inc. v. Graham, 397 So.2d 699 (Fla. 4th DCA 1981) (although fraud may not be predicated on mere promise not performed, fraud in the inducement may properly be founded on fact that promisor had specific intent when promise was made not to perform promise, and other elements of fraud are established); and Roth v. Nautical Engineering Corp., 654 So.2d 978 (Fla. 4th DCA 1995) (corporate officer individually liable for fraud committed while acting as corporate representative.).
STEVENSON, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.