760 So.2d 996 (2000)
FIRST FINANCIAL USA, INC., a Nevada corporation, Appellant,
v.
Les STEINGER, Appellee.
No. 4D98-3143.
District Court of Appeal of Florida, Fourth District.
June 14, 2000.
Alan P. Dagen of Law Offices of Alan Dagen, P.A., Fort Lauderdale, for appellant.
Kenneth E. Keechl of Brinkley, McNerney, Morgan, Soloman & Tatum, LLP, Fort Lauderdale, for appellee.
TAYLOR, J.
First Financial USA, Inc. ("First Financial") appeals from an order granting appellee Les Steinger's motion for judgment on the pleadings. We reverse the order because the third amended complaint sufficiently stated a cause of action against Steinger individually for fraud in the inducement.
Steinger is the owner and president of Mutual Benefits Corporation ("Mutual"). Mutual purchases and brokers life insurance policies from terminally ill people with qualified insurance policies under a program known in the insurance industry *997 as a "viatical settlement." Under this program, an insured party sells the death benefits of his or her insurance policy to a third party, such as Mutual, at a discount in exchange for an immediate cash settlement. This action arises from an alleged breach of an agreement between Mutual and James A. Hollis & Associates ("Hollis") regarding Hollis' exclusive right to represent Mutual in selling these viatical settlement agreements. Before the lawsuit was filed, Hollis assigned all of its claims, suits, demands, rights, and causes of action against Mutual to First Financial.
First Financial sued Mutual for breach of contract, breach of fiduciary duty, unjust enrichment, quantum meruit, fraud, and tortious interference with a business relationship. It sued Les Steinger individually for fraud in the inducement. The third amended complaint alleges that Mutual contacted Hollis to introduce Hollis to the viatical settlement business. At that time Hollis was operating an insurance business in Orlando. Its principal, James P. Hollis, had significant contacts and experience in the area of sales, marketing, and promotion of insurance-related products. At a meeting held in Fort Lauderdale, Steinger represented to Hollis that Hollis would be Mutual's exclusive sales agent for the entire United States, except California. The parties entered into an agency sales agreement, whereby Hollis was given the exclusive right to solicit and take orders for all Mutual's products (viatical settlements).
The complaint further alleges that Steinger's representation regarding Hollis' exclusive territory was false, because Mutual had previously engaged other agents in Hollis' territory to sell and market viatical settlements and it continued to conduct business with these competing sales agents after executing the agreement with Hollis. According to the complaint, these false representations were knowingly made by Steinger with the intent to induce Hollis to enter into the agreement for Mutual's benefit. Hollis relied upon the false representations of exclusivity in executing the agreement and spent time, effort, and money producing marketing strategies, literature, and sales agreements and recruiting and training its own sales agents to service Mutual's products. As a result of Hollis' sales and marketing activities, Mutual benefitted from an increase in profits and Hollis suffered damages.
Steinger filed a motion for judgment on the pleadings, asserting that the complaint failed to state a cause of action against him in his individual capacity, because it alleged that he committed the wrongful conduct in his capacity as an officer and/or director of the corporation. The trial court, without a hearing, granted the motion and dismissed Steinger, individually, as a defendant.
Judgment on the pleadings may be granted only if, upon admitted facts, the moving party is clearly entitled to judgment as a matter of law. The standards for ruling on a motion for judgment on the pleadings are as follows:
In ruling on a motion for judgment on the pleadings material allegations of the moving party which have been denied are taken as false. Conclusions of law also are not deemed admitted for purposes of the motion. The court must accept as true all well-pleaded allegations of the non-moving party. Judgment on the pleadings can be granted only if, on the facts as admitted for purposes of the motion, the moving party is clearly entitled to judgment.
Windle v. W.W.Windle Co., 731 So.2d 36, 37 (Fla. 4th DCA 1999) (citations omitted).
Steinger argues that his motion for judgment on the pleadings was properly granted because he cannot be held liable for alleged wrongdoing committed while he was acting on behalf of Mutual. It is well-settled, however, that individual officers and agents of a corporation may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate *998 officers. Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981). A corporate officer or representative of a defendant corporation is not shielded from individual liability for his own torts. Roth v. Nautical Eng'g Corp., 654 So.2d 978 (Fla. 4th DCA 1995). Fraud in the inducement is a recognized intentional tort that can subject a corporate officer to individual liability. See La Pesca Grande Charters, Inc. v. Moran, 704 So.2d 710 (Fla. 5th DCA 1998).
In Roth, the plaintiff alleged that the president of the defendant corporation made material misrepresentations that fraudulently induced him to purchase a racing boat. We ruled that "[a] corporate officer may be individually liable for torts committed even while acting as the representative of the corporate entity." Id. at 979; see also Segal v. Rhumbline Int'l, Inc., 688 So.2d 397 (Fla. 4th DCA 1997)(finding that director of defendant corporation may be individually liable because complaint alleged that he had orchestrated the false representations made to the plaintiffs and had also allowed his name to be associated with the representations made); Brinker v. W.P. McDevitt & Assocs., Inc., 693 So.2d 712 (Fla. 4th DCA 1997)(reversing dismissal of fraud in the inducement claims where the plaintiff alleged that two individual defendants fraudulently induced him to enter into an employment contract with their insurance agency for the purpose of bringing his "book of business" into the agency and that defendants never intended to let him retain ownership of the "book" or pay him its value if his employment should be terminated)(citing Lou Bachrodt Chevrolet, Inc. v. Savage, 570 So.2d 306 (Fla. 4th DCA 1990)), rev. denied, 581 So.2d 165 (Fla.1991); Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699 (Fla. 4th DCA 1981); and Roth, 654 So.2d 978.
Because First Financial alleged sufficient facts in its complaint to support a claim for fraud in the inducement against Steinger individually, Steinger is not entitled to judgment as a matter of law. We therefore reverse the order granting the motion for judgment on the pleadings and dismissing Steinger and remand this case for further proceedings.
Our reversal renders the remaining issue concerning entry of the order without a hearing moot.
REVERSED and REMANDED.
DELL and STONE, JJ., concur.