The BILTRITE CORPORATION, Plaintiff,

v.

WORLD ROAD MARKINGS, INC., Paul R. Schmersey, Michael Swartzel, Defendants.

Civ.A. No. 2000–10324–RBC.

United States District Court, D. Massachusetts.

Aug. 21, 2001.

Frank C. Corso, Boston, MA, for defendant.

Amy Serino, Ropes & Gray, Boston, MA, for plaintiff.

Jeffrey B. Storer, Ropes & Gray, Boston, MA, for plaintiff.

Micahel E. Swartzel, North Canton, OH, for defendant.

*MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS WITH PREJUDICE AND APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS WORLD ROAD MARKINGS, INC., AND SCHMERSEY (# 33)*

COLLINGS, Chief United States Magistrate Judge.

## I. A Fictitious Name Statute

The State of Florida has a fictitious name statute, Florida Statutes 856.09. It provides that no one can do business under a fictitious name in the State of Florida unless the person first registers the name with the State. A fictitious name is defined as "any name under which a person transacts business in [Florida] other than the person's legal name." Florida Statutes 865.09(3). "The purpose of the fictitious name statute is to provide notice to one dealing with a business of the real party in interest." *Roth v. Nautical Engineering Corp.*, 654 So.2d 978, 980 (Fla. 4th DCA, 1995) (citation omitted). The statute was ". . . designed to provide notice to the public, and especially to creditors, of the identities of persons who are doing business under fictitious names for the purposes of protecting creditors from fraud and deceit." *Robinson & St. John Advertising and Public Relations, Inc. v. Lane*, 557 So.2d 908, 909 (Fla. 1st DCA, 1990).

Any person who fails to comply with the section is guilty of second degree misdemeanor. Florida Statutes 865.09(9)(c). Further, if a business fails to comply with the registration requirements, it may not maintain an action in state court. Florida Statutes 865.09(9)(b).

## II. A Defendant Using a Fictitious Name

The defendant, World Road Markings, Inc., is a Florida corporation incorporated on July 15, 1997; the Articles of Incorporation were filed with the Florida Secretary of State on August 4, 1997. (# 35, Exh. H) The corporation's business address is listed as 8188 Bob O Link Drive, West Palm Beach, Florida and the President of the corporation is listed as one "Herb Keiles" of the same address. The only other "incorporator" listed is one Jerrod T. Harper.

On July 7, 1997, the plaintiff entered a contract with World Road Markings, Inc. (# 33, Exh. G) not knowing that the corporation, at that time, did not exist. The agreement is signed on behalf of World Road Markings, Inc. by "Herb Keiles, President." Disputes developed, and the plaintiff, on January 27, 2000, sued the defendant, World Road Markings, Inc., in the Superior Court for the Commonwealth of Massachusetts for breach of contract and other claims arising out of the relationship. The defendant removed the case to the federal court.

After removal, the plaintiff discovered that the defendant was not incorporated at the time of the July 7th agreement. On June 5, 2000, counsel for plaintiff indicated that the plaintiff would be filing an Amended Complaint naming individual defendants in addition to the corporation.

Shortly thereafter, plaintiff discovered that the person with whom it was dealing, "Herb Keiles", was not actually Herb Keiles but one Paul Schmersey who had registered "Herb Keiles" as his fictitious name under the Florida statute on December 13, 1996. In his registration, Schmersey stated that he would be doing business in the names of "Herb Keiles" and that the mailing address of the business was "7565 Fairway Lane, West Palm Beach, Florida 33412." (# 39, Exh. E) Schmersey identified himself as "Paul R. Schmersey" of the same address, "SS # 515–40–4215." As a result of this discovery, the plaintiff, in the Amended Complaint (# 25) submitted in August, 2000, named Paul R. Schmersey individually. It turns out that there is a person whose true name is Herb Keiles who resides at 8188 Bob O Link Lane in West Palm Beach, Florida who is a friend of Schmersey. His precise connection, if any, to World Road Markings, Inc. is somewhat of a mystery.

## III. Use of a Fictitious Name in Pre–Trial Disclosures

Plaintiff's motion to dismiss the counterclaims and enter a default judgment is based on the fact that Schmersey, using the fictitious name Keiles, signed the Initial Disclosures which the defendant made pursuant to Rule 26(a)(1), Fed.R.Civ.P., on May 25, 2000

(# 35, Exh. A) and also Defendant's Sworn Statement Pursuant to Local Rule 26.1(B) on July 6, 2000. (# 35, Exh. B) In the Initial Disclosure, pursuant to Rule 26(a)(1)(A), the defendant, World Road Markings, Inc., listed, *inter alia,* "Herb Keiles, President, World Road Markings, Inc., 8188 Bob–o–Link Drive, West Palm Beach, FL 33412". The disclosure was signed by his then attorney, Matthew J. Ginsburg, Esquire.

In Defendant's Sworn Statement Pursuant to Local Rule 26.1(b), the defendant, World Road Markings, Inc., listed, *inter alia,* "Herb Keiles, President, World Road Markings, Inc., 8188 Bob–o–Link Drive, West Palm Beach, FL 33412" as a person "who either witnessed or participated in the transaction or occurrence giving rise to the claims or are known or believed to have substantial discoverable information about the claims or defenses." (# 35, Exh. B) Further, the sworn statement contained the following as "the subject and a brief summary of the information:"

> Mr. Keiles possesses relevant information concerning the provision of formulas, information, and know-how to Biltrite, the negotiation and execution of the contract between the parties, Defendant's efforts to assist Biltrite in developing its highway marking tape line, Biltrite's failure to adhere to instruction provided, failure to comply with the terms of the contract, and other related issues.

Defendant's Sworn Statement reproduced in # 35, Exh. B. At the end of the sworn statement, it is noted that the document is "[s]igned under the pains and penalties of perjury on this 6th day of July, 2000" by "Herb Keiles, President, World Road Markings, Inc." and a signature "Herb Keiles" appears.

Plaintiff contends that these pleadings are false and perjurious and that as a sanction, the Court should enter a default judgment against World Road Markings, Inc. and Schmersey, dismiss their counterclaims, and award plaintiff's attorney's fees. Schmersey contends that the use of the name "Herb

Keiles" in his business dealings was legal under Florida law and no sanctions are warranted. One of his then attorneys, James Coyne King, Esquire, has filed an Affidavit justifying Schmersey's use of the name "Herb Keiles" swearing that:

> At the time I signed these documents,[1] I knew that Herb Keiles was a fictitious legal name authorized by a filing with the Secretary of State of Florida for use by Paul Schmersey in his business enterprise known as World Road Markings, Inc.
>
> &ast;   &ast;   &ast;   &ast;   &ast;   &ast;
>
> I requested that the Certification be signed by Herb Keiles, the business name recognized and authorized by the State of Florida and the name through which the defendant conducted its relationship with Biltrite Corporation.

Affidavit of James Coyne King, Esq., # 38 ¶¶ 5 & 10.

### IV. Discussion

Whatever rights a party may have to use a fictitious name in doing business in Florida and litigating cases in the Florida state courts, there is no place for the use of such names in making disclosures, sworn or otherwise, mandated by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts unless the true name and address of the person is also disclosed at the same time.

There is no question but that the two pleadings, i.e., Initial Disclosures which the defendant made pursuant to Rule 26(a)(1), Fed.R.Civ.P., (# 35, Exh. A) hereinafter, "initial disclosures" and also Defendant's Sworn Statement Pursuant to Local Rule 26.1(B) (# 35, Exh. B) (hereinafter, "sworn statement") were both false and misleading. For one thing, Schmersey was not doing business with Biltrite under the name "Herb Keiles"; rather, all the business he conducted was in the name of the corporation, World Road Markings, Inc. Further, even if he

---

1. Attorney King did not sign Defendant's Initial Disclosures Pursuant to Fed.R.Civ.P., Etc.; rather, they were signed by Matthew Ginsburg, Esquire of Attorney King's firm. Defendant's Sworn Statement Pursuant to Local Rule 26.1(B) is signed only by "Herb Keiles." Both Attorney King and "Herb Keiles" signed a Certification Pursuant to L.R. 16.1(D)(3) of World Road Markings, Inc. and Its Counsel (# 14) which is not the subject of the present motion.

were doing business under the name of "Herb Keiles" as per the registration of the fictitious name, he was not using his true address. As indicated, *supra,* his fictitious name registration allowed him to do business under the name of "Herb Keiles" with a "mailing address of business" as 7965 Fairway Lane, West Palm Beach, Florida 33412, not 8188 Bob-o-Link Drive. The 7665 Fairway Lane address was not disclosed in either the initial disclosures or the sworn statement.

While counsel have not briefed the issue, it would seem an odd perversion of the Florida statute to allow someone to do business in the name of a corporation and use a fictitious personal name as an officer of the corporation with an address other than the address at which the person using the fictitious name was doing business. However, the issue before me is not whether the use of the fictitious name was proper under Florida law. What is before me is the false and misleading nature of the initial disclosures and the sworn statement.

So far as appears, Schmersey has never lived at 8188 Bob-o-Link Drive in West Palm Beach. Rather, that is the address of his friend, the real "Herb Keiles". It is not the real "Herb Keiles" who is President of the corporation; rather, it is Schmersey. This is made clear by the synopsis of the knowledge of "Herb Keiles" which is contained in the sworn statement as is quoted at page 5, *supra.* And Schmersey, according to both his fictitious name registration and his answers to interrogatories,[2] resides at 7965 Fairway Lane, West Palm Beach.

So the initial disclosures and sworn statement, which list "Herb Keiles" of 8188 Bob-o-Link Drive are false. First, the "Herb Keiles" who does live at 8188 Bob-o-Link Drive is not the President of World Road Markings, Inc. Whether he has any information which would have required disclosure of his identity is uncertain. Second, the "Herb Keiles" who is President is another person entirely—Schmersey—who lives at 7965 Fairway Lane.

■ The falsity of the initial disclosures and sworn statement in this regard had the effect of misleading the plaintiff. The plaintiff reasonably believed that the person with whom they were dealing was "Herb Keiles" and who lived at 8188 Bob-o-Link Drive. Thus, when the plaintiff sought to amend the Complaint to add "Herb Keiles" as an individual defendant, plaintiff sent the notice required by Local Rule 15.1(B) to Herb Keiles, 8188 Bob-o-Link Drive only to discover the true state of affairs. The obvious purpose of the disclosure requirement of Rule 26(a)(1)(A), Fed.R.Civ.P., is to give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation, either for purposes of serving a proposed amended complaint (as occurred in this case) or for being interviewed or for being deposed or for doing background investigation. This purpose was obviously frustrated by the false and misleading information provided by Schmersey in this case.

■ Thus, I find that Schmersey failed "without substantial justification" to disclose his true identity and home address in the initial disclosures and sworn statement. Rule 37(c)(1), Fed.R.Civ.P. I further find that the failure was not "harmless". *Id.* The only question which remains is what sanction should be imposed on Schmersey for the executing and serving plaintiff with these false and misleading pleadings.

I believe entry of a default judgment and dismissal of the counterclaims are too severe a sanction in all the circumstances. If the case had gone on longer and the false and misleading disclosures went undetected so as to render useless a substantial amount of the plaintiff's preparation and place the plaintiff at a disadvantage at trial, the result might be different. But due to the diligence of the plaintiff and its counsel, the truth was discovered rather early in the litigation and, quite frankly, yielding a good deal of solid evidence which may be used to impeach Schmersey at trial. In short, the false and misleading ini-

---

**2.** The interrogatories were served after the plaintiff learned of the true facts as to the Schmersey's identity as "Herb Keiles."

tial disclosures and sworn statement did not cause the degree of harm which they could have. Of course, this fact does not render Schmersey's actions any less serious; rather, it does affect the severity of the sanction to be imposed.

In my judgment, three sanctions are appropriate and just. First, plaintiff may introduce evidence of the false initial disclosures and sworn statement at trial. *See* Rule 37(c)(1), Fed.R.Civ.P. Second, World Road Markings, Inc. and Schmersey shall be ordered to pay the sum of $5,000.00 into the Registry of the Court. *See* Rule 37(c)(1) & Rule 37(b)(2), Fed.R.Civ.P. Third, World Road Markings, Inc. and Schmersey shall be required to pay the reasonable costs, including attorney's fees, incurred by the plaintiff which were caused by the false and misleading initial disclosures and sworn statement. *See* Rule 37(c)(1), Fed.R.Civ.P.

### V. Order

Accordingly, it is ORDERED Plaintiff's Motion to Dismiss Counterclaims With Prejudice and Application for Default Judgment Against Defendants World Road Markings, Inc. and Schmersey (# 33) be, and the same hereby is, ALLOWED to the following extent:

(1) The plaintiff may introduce at trial the false and misleading initial disclosures and sworn statements at trial against World Road Markings, Inc. and Schmersey;

(2) World Road Markings, Inc. and Schmersey are ORDERED to pay into the Registry of the Court the sum of five thousand dollars ($5,000.00) *on or before the close of business on Friday, September 21, 2001;* and

(3) World Road Markings, Inc. and Schmersey are ORDERED to pay to the plaintiff the reasonable expenses, including attorney's fees, which the plaintiff incurred which were caused by the service of the false and misleading initial disclosures and sworn statement.

The liability for the payment of the $5,000.00 into the Registry of the Court and the plaintiff's reasonable expenses is joint and several as between World Road Markings, Inc. and Schmersey.

With respect to the reasonable expenses, including attorney's fees, counsel for the plaintiff shall file and serve, *on or before the close of business on September 7, 2001,* documents supporting the amount it will claim as the reasonable expenses, including attorney's fees, which the plaintiff incurred which were caused by the service of the false and misleading initial disclosures and sworn statement. The defendants, World Road Markings, Inc. and Schmersey, are granted leave to file and serve a response/opposition to the amount claimed or any deficiencies in the supporting documentation *on or before the close of business on Monday, September 24, 2001.*