809 So.2d 13 (2002)
Fausto LOPEZ-INFANTE, et al., Appellants,
v.
UNION CENTRAL LIFE INSURANCE CO., et al., Appellees.
Nos. 3D00-2776, 3D00-2774.
District Court of Appeal of Florida, Third District.
January 16, 2002.
Rehearing Denied March 20, 2002.
William Xanttopoulos; Philip Parrish, Miami, for appellants.
Gallwey Gillman Curtis Vento & Horn and Karen Curtis, Miami, for appellees.
Before JORGENSON, LEVY, and SHEVIN, JJ.
LEVY, Judge.
Appellants, Fausto and Consuelo Lopez-Infante and Guillermo and Ingrid Schiefer, appeal from trial court Orders granting Appellees' Motions to Dismiss their Complaints on statute of limitations grounds. We reverse.
In their Complaints, the appellants alleged that, in 1990, appellee Union Central *14 Life Insurance Company (Union Central) offered them a product known as "Selectex," a retirement plan that required no further premiums after age 65 and offered payments to the insured beginning at the age of 65 and terminating at the age of 85, in addition to a death benefit component. In order to market Selectex, Union Central allegedly hired a sales agent in Mexico City whom it misled into selling Selectex to his clients, most of whom were Spanish-only speakers living in Mexico, as a retirement plan. Union Central provided the sales agent with various allegedly misleading Spanish language brochures and marketing materials, all of which described Selectex as a retirement plan.[1] The appellants allege that during the fall of 1990, they met with the sales agentan individual who sold them other life insurance policies on previous occasions. In these meetings, the sales agent provided the appellants with the Spanish language materials and subsequently sent the appellants retirement benefit projections that Union Central generated using its own computers and software.
After reviewing the materials and projections, the appellants purchased Selectex from Union Central at a cost of $12,000 per year in premiums.[2] Later, the appellants allegedly received what they believed to be English-language Selectex policies, copies of their applications which indicated that they chose Selectex as their policy, and copies of checks written by the sales agent to Union Central that included the notation: "1st month Selectex." However, the policies the appellants received were ordinary whole life insurance policies with no retirement component.[3] The appellants were not aware of this fact and continued to pay premiums of approximately $12,000 per year on the policies. In the summer of 1998, the sales agent informed the appellants that the policies issued to them were nothing more than whole life insurance policies. Union Central later informed the appellants that it had not issued them retirement plans and that it would never pay them retirement benefits. Union Central also indicated that the appellants were required to continue paying premiums after the age of 65 in order to keep the ordinary life insurance policies in effect.
Consequently, the appellants filed nearly identical suits against Union Central and Juan Calles, who was the manager of Union Central's Miami office, alleging fraud in the inducement, negligent misrepresentation, breach of contract, and fraud. The trial court dismissed the appellants' original Complaints on June 15, 2000. On July 5, 2000, the appellants filed second amended Complaints and the trial court dismissed *15 those Complaints. The trial court held that the Complaints were barred by the statute of limitations because the appellants had received the insurance policies, containing no retirement plan components, in 1990 or 1991 and thus knew, or should have known in the exercise of due diligence, that the policies were not as they were represented more than four or five years prior to the filing of their Complaints. This appeal follows.
The de novo standard of review is applied when considering an order granting a motion to dismiss. See Al-Hakim v. Holder, 787 So.2d 939, 941 (Fla. 2d DCA 2001). When a trial court rules on a motion to dismiss, the trial court is confined to the allegations within the four corners of the Complaint, must accept these allegations as true, and may not speculate as to what the true facts may be or what facts may ultimately be proved in the trial of the cause. See Emile v. Florida Power and Light Co., 426 So.2d 1152 (Fla. 3d DCA 1983). According to Section 95.11(3)(j), Florida Statutes, the statute of limitations for a fraud action is four years. In computing that four year time frame, Section 95.031(2)(a), Florida Statutes, explains:
An action for fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence ...
We find that the trial court erred in dismissing the appellants' Complaints on statute of limitations grounds. The essential elements of a fraud claim are: (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation. See Ward v. Atlantic Sec. Bank, 777 So.2d 1144, 1146 (Fla. 3d DCA 2001) (citing Lance v. Wade, 457 So.2d 1008, 1011 (Fla.1984)). Accepting the allegations in the Complaints herein as true, there is no doubt that the appellants successfully stated a cause of action for fraud. The issue in the instant case is the time at which the statute of limitations began to run. In their Complaints, the appellants allege that they continued to pay premiums to Union Central for what they believed to be the retirement plans represented to them. Moreover, they allege that they did not learn of the fraud until the summer of 1998. The facts alleged in the Complaints lead us to conclude that the alleged fraud was an ongoing fraud. In other words, each yearly premium payment by the appellants resulted in consequent injury to them by virtue of their reliance on the representations of Union Central. Therefore, the fraud alleged in the Complaints was not complete until the appellants were no longer suffering "consequent injuries" through the payment of premiums to Union Central and, thus, the statute of limitations could not have possibly begun to run until at least 1998, or the year in which the appellants stopped paying premiums to Union Central, whichever is later. Because the appellants filed their second amended Complaints on July 5, 2000, there is no doubt that they filed their actions well within the limitations period prescribed by Florida law.
Accordingly, we reverse the trial court's Orders which dismissed the appellants' complaints and remand this cause for further proceedings.
Reversed and remanded.
NOTES
[1] According to the appellants, the translation of one of the Union Central brochures is as follows: "The basic purpose of the SELETEX program is to create a fast growing savings fund to help you establish your own retirement. When you begin your SELETEX program, you create immediate equity which guarantees thousands of dollars to your beneficiaries in case of premature death. At the same time, it provides the funds needed so that, at the age you decide to retire, you will have a secure annual income that will enable you to live without economic problems."
[2] The Lopez-Infantes believed that they purchased SELECTEX plans which charged premiums of $12,000 per year and would, in later years, provide annual retirement income of $32,173 for Mr. Lopez-Infante and $39,146 for Mrs. Lopez-Infante. The Schiefers believed that they purchased SELECTEX plans which charged premiums of $12,000 per year and would, in later years, provide annual retirement income of $60,295 for Mr. Schiefer and $86,156 for Mrs. Schiefer.
[3] Naturally, this case only involves the civil nature and consequences of the fraud allegedly committed by the appellees herein. It must be left to other entities and forums to determine the criminal consequences, if any, of the appellees' conduct.