PER CURIAM.
Clover Findlay appeals an order dismissing with prejudice her claims against defendants PFL Life Insurance Co. and Larry Heaton based on the statute of limitations. We reverse.
Findlay’s claims arose from the purchase of a policy from PFL; she alleges that she was led to believe that she had purchased a retirement plan. However, she learned in 1998 that the supposed re *525 tirement plan was merely a life insurance policy with no retirement benefits. On the authority of Lopez-Infante v. Union Central Life Ins. Co., 809 So.2d 13, (Fla. 3d DCA 2002), which recites materially indistinguishable facts, we reverse the order and remand for further proceedings. The statute of limitations did not begin to run until Findlay “was no longer suffering ‘consequent injuries’ through the payment of premiums to [PFL] and, thus, the statute of limitations could not have possibly begun to run until as least 1998, or the year in which [Findlay] stopped paying premiums to [PFL], whichever is later.” Lopez-Infante, 809 So.2d 13, 15.
Reversed and remanded.