**Stella HODGE, by her personal guardian, Darlene SKIFF, Plaintiff–Appellee,**

**Darlene L. Skiff, Third–Party–Defendant–Appellee,**

v.

**Robert D. HODGE, aka "Donald R. Hodge,", Defendant–Third–Party–Plaintiff–Appellant,**

**Jim J. Austin, Defendant.**

No. 00–9435.

United States Court of Appeals, Second Circuit.

Nov. 1, 2002.

Kevin A. Luibrand, Tobin & Dempf, Albany, NY, on submission, for Plaintiff–

Appellee and Third–Party–Defendant–Appellee.

Robert D. Hodge, pro se, on submission, for Defendant–Third–Party–Plaintiff–Appellant.

Present MESKILL, NEWMAN and POOLER, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED IN PART** and **REVERSED IN PART.**

This diversity action arises out of a dispute between Robert Hodge, his wife, Stella Hodge, and Stella's daughter from a previous marriage, Darlene Skiff. In 1995, Stella Hodge executed a new will and granted her husband power of attorney. Robert Hodge subsequently transferred the couple's community property, as well as Stella Hodge's personal assets, to himself. In 1998, Stella Hodge, elderly and suffering from dementia, was declared incompetent, and Skiff was appointed as her guardian. Stella Hodge, acting through Skiff, filed the instant action against Robert Hodge for fraud and conversion. The complaint alleged that Robert Hodge induced his wife to grant him power of attorney, knowing that she was not competent to do so, and then seized her assets.[1] Robert Hodge filed a third-party complaint against Skiff, asserting claims for conversion and intentional infliction of emotional distress.

In December 1999, the district court granted Skiff summary judgment on Robert Hodge's claim for intentional infliction of emotional distress. The district court conducted a jury trial October 11 and 12, 2000, at which Robert Hodge and Skiff were the only witnesses. At the close of evidence, the district court dismissed Robert Hodge's conversion claim against Skiff on the basis that he had failed to present any evidence in support of the claim, though the judgment erroneously reports that the jury found no cause of action with respect that claim. The jury found Robert Hodge liable for fraud and conversion and awarded Stella Hodge $88,750 in compensatory damages on the conversion claim and $200,000 in compensatory damages on the fraud claim. Robert Hodge now appeals, arguing, *inter alia*, that there was insufficient evidence to support the jury's verdict.

Judgment N.O.V. is reserved for those "rare occasions" when there is "such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result of sheer surmise and conjecture." *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir.1992) (citations omitted) (internal quotations omitted). We find that there was sufficient evidence to support the jury's verdict with respect to Stella Hodge's conversion claim. The district court instructed the jury that "a person who, without authority, intentionally deprives another person of her property without the right to do so, has committed a conversion and is liable for the value of the property." *See, e.g., Senfeld v. Bank of Nova Scotia Trust Co.*, 450 So.2d 1157, 1161–62 (Fla.Dist.Ct. App.1984) (citations omitted). In the instant case, it was undisputed that Robert Hodge seized the assets in question. Moreover, the jury reasonably could have concluded that, acting without authority, he intended to deprive Stella Hodge of her property, as the evidence reasonably dem-

---

1. The complaint also named as a defendant Jim Austin, Robert Hodge's former attorney, but the district court dismissed all claims against him.

onstrated that Stella Hodge was not competent when she granted her husband power of attorney and that Robert Hodge knew this at the time.

However, we reverse the district court's judgment with respect to Stella Hodge's claim for fraud. The district court instructed the jury that, in order to find Robert Hodge liable for fraud, it must find, by a preponderance of the evidence, that: 1) he made a representation of fact to Stella Hodge; 2) the representation was untrue; 3) he intended to deceive Stella Hodge; 4) Stella Hodge believed and justifiably relied on the statement and was induced by it to sign the power of attorney; and 5) as a result of this reliance, Stella Hodge suffered a pecuniary loss. *See, e.g., Lopez–Infante v. Union Cent. Life Ins. Co.*, 809 So.2d 13, 15 (Fla.Dist.Ct. App.2002). Simply, there is no evidence in the record that Robert Hodge ever made any false representations of fact to Stella Hodge that induced her to grant him power of attorney. Although Robert Hodge failed to renew his Rule 50(a) motion, initially made at the close of the plaintiff's case and at the close of evidence, via a timely Rule 50(b) motion, this fact alone does not bar this Court from reviewing the issue on appeal. *See Pahuta v. Massey–Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir. 1999) (holding that while a party must renew a Rule 50 motion both at the close of evidence and within ten days after entry of judgment, the Court "may overlook such a default in order to prevent a manifest injustice in cases where a jury's verdict is wholly without legal support.") (citations omitted) (internal quotations omitted).

We have considered Robert Hodge's remaining arguments and find them to be without merit. Based upon the foregoing, we **VACATE** the judgment with respect to the fraud claim against Robert Hodge. We also **REMAND** the case to the district court to correct the judgment concerning Robert Hodge's conversion claim against Skiff. We **AFFIRM** the judgment in all other respects.