843 So.2d 989 (2003)
Alan and Teresa COHEN, a/k/a Tess Cohen and First International Estate Jewelers of Florida, Inc., Appellants,
v.
KRAVIT ESTATE BUYERS, INC. and Mark Kravit, Appellees.
No. 4D01-4955.
District Court of Appeal of Florida, Fourth District.
April 30, 2003.
*990 Diane H. Tutt and Sharon C. Degnan of Diane H. Tutt, P.A., Plantation, for appellants.
Michael Winer of Winer & Associates, P.A., Fort Lauderdale, for appellees.
BAILEY, JENNIFER D., Associate Judge.
This case arises from a breakdown in the parties' business relationship in the showing, purchase and resale of estate jewelry, art, coins and antiques. Kravit Estate Buyers and its president, Marc Kravit, (collectively referred to as "Kravit") and First International Estate Jewelers of Florida, Inc. ("First International") and its Chief Executive Officer, Alan Cohen ("Cohen"), went into the estate purchase/sale business together. They conducted shows where jewelry, watches, coins, and art objects were bought and sold, dividing the net profits. The relationship soured, and Cohen accused Kravit of removing items to be sold from the inventory and converting them to his private use.
In 1995, Kravit sued First International, Cohen and his wife. The claims included misappropriation of trade secrets, tortious interference with contract, malicious prosecution, slander, unjust enrichment, abuse of process, and conspiracy. Cohen and First International counterclaimed for breach of contract and defamation. The case went to trial. However, due to error in admitting certain evidence, the trial judge granted a new trial. Cohen amended his counterclaim by adding claims for conversion, civil theft, fraud, and unjust enrichment. First International dropped out of the case and Kravit moved for summary judgment on the counterclaim. The trial judge entered summary judgment as *991 to the civil theft, conversion, fraud, and unjust enrichment claims. Ultimately a final judgment was entered which Cohen appeals.
It is axiomatic that "[s]ummary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (citation omitted). Appellate review is conducted de novo. See id.
As to the conversion and civil theft counts, review of the record reflects no genuine issues of material fact and establishes entitlement to judgment as a matter of law because appellants failed to demonstrate a property interest in the objects at issue. Therefore, we affirm the entry of summary judgment on these counts.
However, the record does reveal issues of material fact as to the fraud count. "The essential elements of a fraud claim are: (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002) (citation omitted). In fraud cases, summary judgment is rarely proper as the issue so frequently turns on the axis of the circumstances surrounding the complete transaction, including circumstantial evidence of intent and knowledge. See Dep't of Revenue v. Rudd, 545 So.2d 369, 372 (Fla. 1st DCA 1989). In this case, Kravit argues that summary judgment was proper because Cohen testified that although he did not know Kravit's intent at the time they entered into the relationship, he expected Kravit to pay him and could not testify that Kravit did not intend to do so. Kravit moved for summary judgment on the grounds of absence of testimony on the essential element of intent. Cohen argues that intent is a question for the jury, considering all the circumstances, and that he could only testify to what he believed when he entered into the agreement.
Kravit's argument turns fraud in the inducement inside-out. Presumably if a bargaining party knew the other party intended to defraud him at the time he entered into the agreement, he would not enter into the deal. It was not necessary for Cohen to testify personally as to Kravit's knowledge that the representation was false. "`Fraudulent intent usually must be proved by circumstantial evidence and such circumstances may, by their number and joint consideration, be sufficient to constitute proof.'" Id. (quoting Nally v. Olsson, 134 So.2d 265, 267 (Fla. 2d DCA 1961); Tornwall v. Carter, 106 So.2d 96, 99 (Fla. 2d DCA 1958)). "`A litigant has a right to trial where there is the slightest doubt as to the facts' in a fraud case." Id. (quoting Dean v. Gold Coast Theatres, Inc., 156 So.2d 546, 549 (Fla. 2d DCA 1963)). The record in this case reflects sufficient issues of Kravit's intent to require a jury trial on this issue.
Similar problems exist as to the unjust enrichment count where Cohen never received his expected benefit under the agreement. In sum, Cohen asserts that because Kravit took some of the items for personal use and never resold them, therefore never generating the profits subject to division under the agreement, Cohen was never paid for his services in securing the items. Conversely, Kravit asserts that because Cohen had no ownership interest in the items, he did not have a cognizable claim for unjust enrichment. Kravit's argument fails to recognize that it is not the jewelry or art objects for which unjust enrichment recovery is sought, but rather, *992 the lost expectation payment for agreed-upon services securing the jewelry or art objects, which payment was to occur upon resale of the items. To plead a cause of action for unjust enrichment the plaintiff must allege: "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." Hillman Constr. Corp. v. Wainer, 636 So.2d 576, 577 (Fla. 4th DCA 1994) (citation omitted). No property interest is required. It is enough to establish a benefit was conferred, which is clearly a question of fact in this record. Kravit argues that summary judgment was appropriate because Cohen has unclean hands. Such an argument is not an appropriate vehicle to resolve disputed issues of fact. See Dery v. Occhiuzzo & Occhiuzzo Enter., Inc., 771 So.2d 1276, 1279 (Fla. 4th DCA 2000) (citation omitted).
For the reasons stated above, judgment as to conversion and civil theft is affirmed, the judgment as to fraud and unjust enrichment is reversed.
KLEIN and STEVENSON, JJ., concur.