907 So.2d 631 (2005)
Lindi Diana WADLINGTON, Appellant,
v.
CONTINENTAL MEDICAL SERVICES, INC., Central Lab, Inc., d/b/a Continental Medical Laboratories, and Armando Vicente, Jr., Appellees.
No. 4D04-1591.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
*632 Joseph C. Schulz of Jeff D. Vastola, P.A., West Palm Beach, for appellant.
W. Jeffrey Barnes of W.J. Barnes, P.A., Pembroke Pines, for appellees.
PER CURIAM.
The appellant, Lindi Wadlington, appeals the final summary judgment entered following the dismissal of her complaint for failure to state a cause of action against Armando Vicente, Jr. for fraudulent and negligent misrepresentation. We reverse the final summary judgment as to the fraudulent misrepresentation claim and remand. As to all other issues, we affirm.
In her third amended complaint, Wadlington alleged Vicente, the director in two, now dissolved, medical services companies, hired her to conduct research and supply data in order for Vicente to submit a bid for a State contract. Within the count sounding in fraud, and in relevant part, Wadlington claimed: "Armando Vicente, Jr. stated to Plaintiff that she would be paid [a six percent commission] by Defendants at the time the state contract was approved." Further, Wadlington alleged that at the time "Armando Vicente, Jr., made the above promises and representations to Plaintiff, and before the oral contract with Plaintiff was entered into, he had no intention of performing the act of providing Plaintiff a six percent (6%) commission/finder's fee at the time when the contract was approved by the State."
To state a legally viable claim for fraud, four elements must be sufficiently alleged:
(1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation.
Cohen v. Kravit Estate Buyers, Inc., 843 So.2d 989, 991 (Fla. 4th DCA 2003) (quoting Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002)); see also Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 497 (Fla. 4th DCA 2001). In the instant case, the issue is whether Wadlington alleged that Vicente made a false statement to Wadlington concerning a specific material fact.
As a general rule, "a false statement of fact, to be a ground for fraud, must be of a past or existing fact, not a promise to do something in the future." Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So.2d 1367, 1371 (Fla. 4th DCA 1981) (citing 27 Fla. Jur.2d, Fraud and Deceit, § 24). An exception to this general rule is that "where the promise to perform a material matter in the future is made without any intention of performing or made with the positive intention not to perform" a cause of action for fraud may proceed to a jury. Id. at 1372 (citing Home Seekers' Realty Co. v. Menear, 102 Fla. 7, 135 So. 402 (1931)); see also Bongard v. Winter, 516 So.2d 27, 27 (Fla. 3d DCA 1987) ("[A] present misrepresentation concerning a future intent may form the basis for actionable fraud where the party making the misrepresentation is aware at the time that it is in fact *633 false.") (citing Vance, 403 So.2d at 1372; Travelodge Int'l, Inc. v. Eastern Inns, Inc., 382 So.2d 789, 791 (Fla. 1st DCA 1980), and Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 721 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla.1973)).
As noted above, the third amended complaint specifically alleged that Vicente made a false statement to her that she "would be paid said fee by Defendants at the time the state contract was approved." Additionally, Wadlington specifically alleged Vicente "had no intention of performing the act" when the representation was made. These allegations are sufficient to meet the exception to the rule because "the promise of future action [was] made with no intention of performing or with a positive intention not to perform." Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168, 172 (Fla. 4th DCA 1995). Based on the plain language in the complaint, the representation of future action was the promise to pay the commission at a specific point in time.[1] The second part of the exception requires the plaintiff to allege the defendant had no intention to perform at the time the representation was made, and Wadlington specifically alleged Vicente had no intention of performing that act at the time the representation was made. This sufficiently states a claim for fraud. Whether Wadlington can present sufficient evidence of the misrepresentation or the intent to not perform is of no moment at this procedural juncture, as those are questions of fact to be determined by a jury. See D & M Jupiter, Inc. v. Friedopfer, 853 So.2d 485 (Fla. 4th DCA 2003) ("As a general rule, it is a matter for the jury to determine if an intentional misrepresentation has been made."); see also Cohen, 843 So.2d at 991 ("In fraud cases, summary judgment is rarely proper as the issue so frequently turns on the axis of the circumstances surrounding the complete transaction, including circumstantial evidence of intent and knowledge."); Iasigi v. Brown, 58 U.S. 183, 196, 17 How. 183, 15 L.Ed. 208 (1854) (reversing a summary disposition of a fraud case where third party representations were made concerning the solvency of two companies, and holding that whether evidence was sufficient proof of an intention "to deceive and mislead the plaintiffs" is for the jury to consider and decide).
We reject Vicente's alternate argument for affirmance because a corporate director, acting as a representative of his corporations, can be held personally liable for fraud. See First Fin. USA, Inc. v. Steinger, 760 So.2d 996, 998 (Fla. 4th DCA 2000) (finding "[f]raud in the inducement is a recognized intentional tort that can subject a corporate officer to individual liability") (citing La Pesca Grande Charters, Inc. v. Moran, 704 So.2d 710 (Fla. 5th DCA 1998)). "It is well-settled ... that individual officers and agents of a corporation may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate officers." Id. at 997-98 (citing Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981)).
Reversed and Remanded.
GUNTHER, WARNER and POLEN, JJ., concur.
NOTES
[1] Wadlington also argues that Vicente committed fraud by inferring that his companies had the ability to pay the commission/finder's fee at a certain time, thus falsely representing the companies were fiscally sound. These allegations are not based on material representations made by Vicente, but instead are based on inferences and supposition, which are not sufficient to trigger the exception to the rule.