DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GOOD AIR, INC.,**
Appellant,

v.

**LITECRETE, INC.** and **EUGENIO FERNANDEZ,**
Appellees.

No. 4D2024-0050

[February 26, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne E. Fahnestock, Judge; L.T. Case No. CACE22-003355.

Yasir Billoo and Paxton Bagan of International Law Partners LLP, Hollywood, for appellant.

Nestor Bustamante of Hinckley, Allen & Snyder, LLP, Plantation, for appellees.

PER CURIAM.

Good Air, Inc. appeals the circuit court's order granting exceptions to a General Magistrate's Report and dismissing, with prejudice, its fraud claims against Eugenio Fernandez and its Florida Deceptive and Unfair Trade Practices Act claim against Litecrete, Inc. We reverse.

### *Background*

This appeal arises from a contract between Good Air and Litecrete for construction on a project in Davie, Florida. As part of the agreement, Litecrete periodically submitted notarized payment requests to Good Air signed by Litecrete's Vice President, Eugenio Fernandez. In the requests, Fernandez certified that Litecrete completed the work covered in the payment application and "all amounts [had] been paid by the Contractor for work for which previous certificates were issued and payments received."

Good Air notified Litecrete that it was in material default for "failing to fabricate and deliver materials as required in the schedule of values set forth in the contract and adhere to the project timeline previously provided . . . ." The notice accused Litecrete of violating Section 5.1.2 of the contract, explaining "[w]e have been in contact with your deck supplier and have been told the metal deck material for the roof, part of the 4th floor and the canopy has not been fabricated at this time due to non-payment."

Good Air sued Litecrete and later amended its complaint to include Prestige Duke JV II, LLC, the property owner, as a plaintiff. The second amended complaint included claims of: 1) fraud against Fernandez, 2) negligence against Litecrete, and 3) FDUTPA violations. Litecrete moved to dismiss the complaint, and the court referred the motion to a general magistrate.

The general magistrate issued a report and recommendation to:

a) Deny Defendants' Motion to Dismiss Count I alleging Fraud against Eugenio Fernandez,
b) Grant Defendants' Motion to Dismiss Count II alleging Negligence against Litecrete,
c) Grant Defendants' Motion to Dismiss Count III alleging a Violation of Florida's Deceptive and Unfair Trade Practice (FDUPTA) as to Defendant, Eugenio Fernandez, individually, this issue may be more appropriately addressed via a Motion for Summary Judgment,
d) Deny Defendants' Motion for Sanctions.

Litecrete and Fernandez objected to the report and recommendation, arguing the claims in the second amended complaint were identical to the dismissed claims in the first amended complaint. After a hearing, the circuit court sustained the objections and dismissed the fraud and FDUPTA claims with prejudice.

### *Analysis*

Good Air argues that the trial court erred in determining the General Magistrate's Report and Recommendations were clearly erroneous and that the second amended complaint did not contain allegations sufficient to establish a claim of fraud against Fernandez and for FDUTPA against Litecrete. We agree with Good Air and reverse.

2

First, the circuit court concluded that Fernandez could not be liable for fraud because he signed the payment applications in his official capacity as Litecrete's Vice President. Fraud requires a party to show "(1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." *Cohen v. Kravit Est. Buyers, Inc.*, 843 So. 2d 989, 991 (Fla. 4th DCA 2003) (quoting *Lopez–Infante v. Union Cent. Life Ins.*, 809 So. 2d 13, 15 (Fla. 3d DCA 2002)).

Litecrete and Fernandez focus not on the elements of fraud, but on Fernandez's position as Litecrete's corporate officer to shield him from liability. While they are generally correct, there is an exception. *Roth v. Nautical Eng'g Corp.*, 654 So. 2d 978, 979–80 (Fla. 4th DCA 1995). Fernandez cannot be held liable for fraud simply because of his position in Litecrete, but he can be held liable if he knowingly participated in the alleged fraud. *Segal v. Rhumbline Intern., Inc.*, 688 So. 2d 397, 399 (Fla. 4th DCA 1997).

Second, Litecrete insists Fernandez's representations on the payment application amounted to statements of opinion or future promises, not statements of fact. "The general rule of law is that a false statement of fact must concern a past or existing fact in order to be actionable." *Thor Bear, Inc. v. Crocker Mizner Park, Inc.*, 648 So. 2d 168, 172 (Fla. 4th DCA 1994). Fernandez allegedly made statements of fact. He certified that the work covered by the payment application was completed and contractors were paid all amounts covered for which previous payments were issued. He was allegedly the vice president of Litecrete and, as alleged, had superior knowledge of the facts. *Tres-AAA-Exxon v. City First Mortg., Inc.*, 870 So. 2d 905, 907 (Fla. 4th DCA 2004). As a result, it cannot be said the general magistrate's findings were clearly erroneous.

Good Air argues that the trial court erred in dismissing its FDUTPA claim against Litecrete. We address two issues relating to FDUPTA. Litecrete claims FDUTPA does not apply because Good Air and Litecrete were not engaging in "trade or commerce." But "trade or commerce" is broadly defined and has been interpreted to include billing practices. *Turner Greenberg Assocs., Inc. v. Pathman*, 885 So. 2d 1004, 1008 (Fla. 4th DCA 2004); *see also State Farm Mut. Auto. Ins. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1327 (S.D. Fla. 2017). Good Air alleged that Litecrete engaged in fraudulent billing practices, which was sufficient.

Next, Litecrete argues that Good Air did not allege facts satisfying the elements of a FDUTPA claim, specifically arguing that Good Air did not suffer "actual damages." In the context of FDUTPA, "actual damages are 'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.'" *Baptist Hosp., Inc. v. Baker*, 84 So. 3d 1200, 1204 (Fla. 1st DCA 2012) (quoting *Rollins v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA 1984)). Here, Good Air alleged in its complaint that it paid Litecrete money for supplies that were not bought and expended additional money to finish Litecrete's portion of the project. That was sufficient to withstand the motion to dismiss.

### *Conclusion*

The circuit court's order is reversed for the reasons explained in this opinion.

*Reversed and remanded for further proceedings.*

GROSS, CIKLIN and KUNTZ, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

4